UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Donna Burnett,<br><br>            Plaintiff,<br>v.<br><br>ProCollect, Inc.,<br><br>            Defendant. | Civil Action No.: 3:17-cv-541<br><br><br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Donna Burnett, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

3. Plaintiff, Donna Burnett ("Plaintiff"), is an adult individual residing in Buffalo, South Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant ProCollect, Inc. ("ProCollect"), is a Texas business entity with an address of 12170 North Abrams Road, Suite 100, Dallas, Texas 75243, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

5. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

6. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The Debt was purchased, assigned or transferred to ProCollect for collection, or ProCollect was employed by the Creditor to collect the Debt.

8. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     ProCollect Engages in Harassment and Abusive Tactics**

9. In or around February 2016, ProCollect began calling Plaintiff in an attempt to collect the Debt from a different Donna Burnett (the "Debtor").

10. Plaintiff is not the Debtor and does not know the Debtor.

11. When Plaintiff answered calls from ProCollect, she heard silence followed by an automated click before the call was transferred to a ProCollect collector.

12. The foregoing is indicative of a predictive dialer, an automatic telephone dialing system ("ATDS") under the TCPA.

13. Plaintiff does not know how ProCollect acquired her cellular telephone number. Plaintiff did not provide it to ProCollect or to the Creditor.

14. Upon information and belief, ProCollect obtained Plaintiff's cellular telephone number from a skip-tracing service.

15. On or about March 30, 2016, Plaintiff called ProCollect and advised it that she was being reached in error. To that end, Plaintiff provided ProCollect with the last four digits of her Social Security Number, confirming that she was not the Debtor.

16. Nevertheless, ProCollect continued to call Plaintiff in an attempt to collect the Debt.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

20. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

22. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

25. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ('FCC') defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

26. Defendant's telephone system(s) have all the earmarks of a predictive dialer.

27. When Plaintiff answered calls from Defendant, she heard silence and a click before Defendant's telephone system would connect her to the next available representative.

28. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

29. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

30. Plaintiff was annoyed, harassed, and inconvenienced by the continued calls.

31. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

32. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

33. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C); and
5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 24, 2017

Respectfully submitted,

By */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar # 432383
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: jdefrancisco@lemberglaw.com
Attorneys for Plaintiff

5